## COLLISTER v SUNSHINE FOOD STORES, INC

Docket No. 96489. Submitted May 14, 1987, at Lansing. Decided February 2, 1988.

Suzanne M. Collister brought an action in the Oakland Circuit Court against Sunshine Food Stores, Inc., alleging a violation of the Civil Rights Act. Plaintiff obtained a verdict and judgment and an award of attorney fees and costs, Richard D. Kuhn, J. Plaintiff appealed the attorney fee award.

The Court of Appeals *held:*

The court, in setting an award of attorney fees in a civil rights case, should consider (1) the professional standing and experience of the attorney, (2) the skill, time and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client. Considering the factors, the award was not an abuse of discretion.

Affirmed.

CIVIL RIGHTS — ATTORNEY FEES.

The court, in exercising discretion in setting an award of attorney fees in a civil rights case, should consider (1) the professional standing and experience of the attorney, (2) the skill, time and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client.

*Christoper R. Gullen,* for plaintiff.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237, 277 *et seq.*

Am Jur 2d, Civil Rights § 216.

Construction and application of Civil Rights Attorney's Fees Awards Act of 1976 (amending 42 USCS sec. 1988), providing that court may allow prevailing party, other than United States, reasonable attorney's fee in certain civil rights actions. 43 ALR Fed 243.

Comment note: amount of attorneys' compensation in absence of contract or statute fixing amount. 57 ALR3d 475.

*Smith, Magnusson, Chartrand & Adkison, P.C.* (by *Lee D. Knauf*), for defendant.

Before: MacKENZIE, P.J., and J. H. GILLIS and J. P. SWALLOW,* JJ.

SWALLOW, J. Plaintiff appeals from an order of the Oakland Circuit Court awarding attorney fees under the Civil Rights Act, MCL 37.2802; MSA 3.548(802). Plaintiff contends that the award was unreasonably low.

After a four-day jury trial, a verdict was entered in plaintiff's favor, finding defendant had terminated plaintiff's employment because she had become pregnant and thus had discriminated against her on the basis of sex. The jury awarded $6,400 in damages. Prior to trial, the parties engaged in mediation. The mediation evaluation was for $25,000. Plaintiff accepted the evaluation, but defendant rejected it.

After the date that the jury returned its verdict, plaintiff moved for an award of attorney fees and costs. Plaintiff's attorney asserted that he had devoted 161 hours to the representation of plaintiff's claim and requested an hourly rate of $80 or $12,880. Plaintiff contended further that a twenty percent enhancement was appropriate in light of the difficulty of the case and the skill of her attorney. The total request for attorney fees was $15,456. In addition, plaintiff requested actual costs of $1,156.89.

Defendant responded that the requested attorney fees and costs were excessive. After a hearing on plaintiff's motion for costs and attorney fees, the court took the matter under advisement. The court later entered an order stating that plaintiff's request for attorney fees and costs was "clearly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

excessive in light of skill, time and labor involved; the amount in question, the expenses incurred, and the non-complicated case involved." The court awarded $2,000 in attorney fees and $750 in costs.

Section 802 of the Civil Rights Act provides:

> A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate. [MCL 37.2802; MSA 3.548(802).]

The decision to grant or deny an award of attorney fees is within the discretion of the trial court. *King v General Motors Corp,* 136 Mich App 301; 356 NW2d 626 (1984), lv den 422 Mich 871 (1985). The purpose of the provision is to encourage persons who have been deprived of their civil rights to seek legal redress, to insure victims of employment discrimination access to the courts, and to deter discrimination in the work force. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 801; 369 NW2d 223 (1985). A decision whether or not to award attorney fees must be made in light of the purposes of the act and the decision to deny attorney fees may not be based upon a reason inconsistent with those purposes. *King, supra,* p 308. *Rancour v The Detroit Edison Co,* 150 Mich App 276, 292-293; 388 NW2d 336 (1986).

The factors which the trial court must consider are set forth in *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982):

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results

achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

In the instant case, the court's order indicated that the factors set forth in *Wood* were considered. Plaintiff did not call any expert witnesses, compile statistical evidence or present complicated proofs. The action did not involve an advancement of case law and appears to have focused almost exclusively on the issue of damages. We agree with defendant that the instant action was a "garden variety civil rights case."

We also note that plaintiff originally advanced seven theories of liability but prevailed only on the civil rights claim. The judgment she eventually gained was only a fraction of the mediated award. In *Hensley v Eckerhart,* 461 US 424; 103 S Ct 1933; 76 L Ed 2d 40 (1983), the Supreme Court held that the degree of plaintiff's success is a "crucial" factor in determining a proper award of attorney fees under 42 USC 1988. Although not binding, Michigan courts regard federal precedents on questions analogous to those present under the Michigan civil rights statutes as highly persuasive. *Robson v General Motors Corp,* 137 Mich App 650, 653; 357 NW2d 919 (1984), rev'd on other grounds 427 Mich 505; 398 NW2d 368 (1986). In light of the limited success plaintiff achieved, the award was not an abuse of discretion.

Affirmed.