## DRESSELHOUSE v CHRYSLER CORPORATION

Docket Nos. 92747, 95882, 101333. Submitted April 4, 1989, at Detroit. Decided June 7, 1989. Leave to appeal applied for.

Plaintiff, Cindy Dresselhouse, brought a sexual harassment action in June, 1982, in the Wayne Circuit Court against her employer, Chrysler Corporation, and her former boyfriend and supervisor at Chrysler, Dario G. Verdugo, alleging that Verdugo had sexually harassed her at work and that Chrysler, after being notified of the harassment, failed to take prompt corrective action. The case was mediated on November 16, 1983, resulting in an evaluation in plaintiff's favor of $12,500 to be paid jointly by Chrysler and Verdugo. Plaintiff rejected the evaluation and the matter proceeded to trial. The jury rendered a verdict finding that Verdugo had sexually harassed plaintiff and that Chrysler had negligently failed to take prompt corrective action. The jury awarded zero damages to plaintiff against Verdugo and provided that Chrysler was to pay plaintiff's court costs and legal fees and remove certain derogatory letters from plaintiff's employment record or pay plaintiff $100,000. After it was determined that the letters had been removed from plaintiff's file, the trial court, Louis F. Simmons, Jr., J., entered a judgment, to which plaintiff's counsel consented in open court, providing for the payment of no damages but requiring Chrysler to pay plaintiff's court costs and attorney fees. The defendants then moved for judgments awarding mediation sanctions and the trial court, pursuant to MCR 2.403, awarded Chrysler $34,675 and Verdugo $14,950. Plaintiff filed two appeals as of right and one appeal by leave granted from the trial court's original judgment and the subsequent judgments awarding mediation sanctions. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The trial court's original judgment may not be disturbed

REFERENCES

Am Jur 2d, Appeal and Error § 642; Civil Rights § 513; Costs §§ 4 *et seq.*; Judgments §§ 1080 *et seq.*

See the Index to Annotations under Attorneys' Fees; Consent Judgments; Costs of Actions.

on appeal since it accurately reflects terms stated as acceptable by plaintiff's counsel in open court.

2. Plaintiff is entitled to an award of costs and attorney fees against Chrysler but not against Verdugo. Plaintiff did not waive her right to receive attorney fees from Chrysler. MCR 2.625(F), which requires a party to seek such fees within twenty-eight days, is inapplicable here.

3. The orders regarding mediation sanctions must be vacated. The order in favor of Verdugo must be rewritten using as a guide the terms of Wayne Circuit Court Local Rule 403.16, which was the applicable court rule at the time plaintiff rejected the evaluation. The order in favor of Chrysler must be permanently vacated if it is determined that the verdict amount, including the costs and attorney fees owed to plaintiff by Chrysler, improved plaintiff's position by more than ten percent over the mediation evaluation in her favor. If the costs and attorney fees are determined not to have improved plaintiff's position by more than ten percent, the order in favor of Chrysler must be rewritten using as a guide the terms of Wayne Circuit Court Local Rule 403.16.

Affirmed in part, reversed in part and remanded.

1. APPEAL — PRESERVING QUESTION.

A party may not assign as error on appeal something which his own counsel deemed proper at trial; a party may not harbor error as an appellate parachute.

2. JUDGMENTS — CONSENT JUDGMENTS.

Consent judgments properly entered on the record in open court are binding on the parties absent a satisfactory showing of mistake, fraud or unconscionable advantage.

3. COSTS — MEDIATION — MOTIONS AND ORDERS — TIMELINESS.

The court rule which provides that when costs are to be taxed the party entitled to the costs must present a bill of costs within twenty-eight days after the judgment is signed or an order is entered denying a motion for a new trial or to set aside the judgment is inapplicable where attorney fees are awarded under 42 USC 1988 to a prevailing party in a federal civil rights case or where attorney fees are awarded in mediation sanction cases under the court rules (MCR 2.625[F]).

4. CIVIL RIGHTS — COSTS — ATTORNEY FEES — PREVAILING PARTIES.

The decision whether to grant an award of attorney fees to the complainant in a civil rights action rests within the sound discretion of the trial court; an award of such fees presumes that the complainant is a financially successful or prevailing

party; to be considered a prevailing party, the complainant must receive at least some relief on the merits of his claim (MCL 37.2802; MSA 3.548[802]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas G. Kienbaum* and *Elizabeth Hardy*), for Chrysler Corporation.

*Schureman, Frakes, Glass & Wulfmeier* (by *Charles F. Glass* and *J. Kelly Carley*), for Dario Verdugo.

Before: DANHOF, C.J., and WAHLS and GRIFFIN, JJ.

PER CURIAM. Plaintiff, Cindy Dresselhouse, has filed two appeals as of right and one appeal by leave granted in this sexual harassment action against her employer, Chrysler Corporation, and her former boyfriend and supervisor at Chrysler, Dario G. Verdugo. We have consolidated the appeals for review.

The record reveals that plaintiff, a receptionist in Chrysler's International Finance Division, filed this action in June, 1982, alleging, among other things, that her supervisor at Chrysler, with whom she had previously shared a lengthy romantic relationship, had sexually harassed her at work and that Chrysler, after being notified of the harassment, failed to take prompt corrective action as required by the Civil Rights Act, MCL 37.2201 *et seq.;* MSA 3.548(201) *et seq.* Apparently, several derogatory memoranda written by different people regarding plaintiff's work habits were made a part of plaintiff's employment record. The case was mediated on November 16, 1983, resulting in an

evaluation of $12,500 to be paid jointly by Chrysler and Verdugo. Plaintiff rejected the evaluation and the matter proceeded to trial.

After twelve days of trial, the jury was charged and deliberations began. At about 4:30 p.m. on February 20, 1986, the jury was brought back into the courtroom after having sent a note to the trial court inquiring, "Can we add a proviso to question number ten on the verdict form?"[1] The transcript records the following discussion:

> *The Court:* You may be seated.
>
> Members of the jury, we received your inquiry. I have discussed this with the attorneys, and we've decided to ask you to come out and clarify your question . . . or your inquiry.
>
> So, the question that we received says: "Can we add a provisio [sic] to question number ten on the verdict form?"
>
> Have you selected a foreperson?
>
> *Juror Number Eight:* (Manoyian) Yes. We were discussing the fact that we feel both Parties are guilty . . . or all three Parties are guilty, but we don't feel that the monetary awards should be as high as what has been recommended. The provisio [sic] was that the work records of Cindy be removed or that Chrysler Corporation would pay $100,000.00. We wondered if we could have an "either/or" situation.
>
> *The Court:* Do you gentlemen understand the inquiry?
>
> *Mr. Keinbaum* [attorney for Chrysler]: I think I do, Your Honor.
>
> *The Court:* Mr. Pitt?
>
> *Mr. Pitt* [attorney for plaintiff]: Yes, I do, Your Honor.
>
> *The Court:* Mr. Glass?

---

[1] Question ten on the verdict form provided: "If you answered 'yes' to any of Questions 2, 4, 5, 6, or 8, what damages, if any, do you assess in favor of Plaintiff and against Defendant Chrysler Corporation?"

*Mr. Glass [attorney for Verdugo]:* I think I understand it, Your Honor.

*The Court:* Okay. Did you want to have a meeting outside and then come back and let us know, we'll just keep the jury here, what your pleasure is? Do you want to use my chambers or . . . ?

*Juror Number Eight:* Well, excuse me . . . or would it be your decision to overrule whatever we decide?

*The Court:* Oh no, I can't overrule. You are the jury.

*Juror Number Eight:* Okay, I see. It's all new to me.

*The Court:* Yes, you are the jury.

*Mr. Glass:* I think it would be appropriate to excuse the jury and let us discuss this matter for a moment.

*The Court:* All right, very good.

You may go back and continue deliberations.

You don't have any objections if they continue deliberations, do you?

*Mr. Glass:* Pardon?

*The Court:* You don't have any objections if they continue?

*Mr. Glass:* No.

*Mr. Keinbaum:* Not at all.

The jury then returned to the jury room, and the attorneys and the court tried to determine the proper instruction to be given to the jury. Although counsel for defendants unsuccessfully moved for a mistrial, all the attorneys ultimately agreed that it would be acceptable for the court to simply inform the jury that it had already been adequately instructed to render a verdict. The jury was then brought back into the courtroom and the court stated:

Members of the jury, we have been discussing your last inquiry as to whether or not you could add an [sic] proviso to question Number Ten on

the verdict form. The Court has decided that the proper instruction at this time is to advise you that you have been instructed by the Court, you've heard the arguments of the attorneys, you've heard the evidence, so it is your responsibility at this point, without further response to your question as to whether or not you could add a proviso to question Ten or not.

The jury then retired and a short time later rendered a verdict finding that Verdugo had sexually harassed plaintiff and that Chrysler had negligently failed to take prompt corrective action after being notified by plaintiff of claims of sexual harassment. The jury awarded zero damages to plaintiff against Verdugo and provided that Chrysler was to pay plaintiff's court costs and legal fees and remove the derogatory letters from plaintiff's employment record or pay plaintiff $100,000. In Chrysler's appellate brief it is stated that "the documents were in fact removed from Plaintiff's file immediately after trial." At posttrial hearings, counsel for Chrysler contended that the entry of a judgment providing zero damages to plaintiff would be appropriate because Chrysler had already removed the derogatory letters from plaintiff's employment record. At an April 11, 1986, hearing on a motion for entry of judgment, counsel for Chrysler stated that "we have removed the documents from our files because we're not stupid, and the Court has my word on that." Counsel opined that, in view of Chrysler's removal of the derogatory letters from plaintiff's employment record, the language in the jury's verdict regarding Chrysler's obligation either to remove the letters from plaintiff's file or to pay $100,000 constituted mere "surplusage." In addition, Chrysler filed a motion for a judgment notwithstanding the verdict.

Ultimately, counsel for Chrysler suggested that the court enter a judgment in accordance with the jury verdict providing for payment of no damages but requiring Chrysler to pay plaintiff's court costs and attorney fees. Plaintiff's counsel consented in open court to the entry of such a judgment. Accordingly, the court denied Chrysler's motion for a judgment notwithstanding the verdict and entered a judgment on April 30, 1986, conforming to the terms accepted by counsel. Thereafter, Chrysler and Verdugo moved for judgments awarding mediation sanctions, since plaintiff had rejected a $12,-500 mediation evaluation in November, 1983, and, they contended, had failed to improve her position by ten percent at trial, as required by the applicable court rule. Plaintiff, on the other hand, argued that mediation sanctions could not properly be imposed because she had improved her position by more than ten percent when considering the attorney fees payable to her from Chrysler, pursuant to the lower court's judgment, and also allegedly from Verdugo, under the Civil Rights Act, MCL 37.2802; MSA 3.548(802). On August 25, 1986, the court awarded Chrysler $34,675 in mediation sanctions pursuant to MCR 2.403, and on September 22, 1986, it awarded Verdugo $14,950 in mediation sanctions pursuant to that same court rule.

On appeal, plaintiff, citing *Ass'n Research & Development Corp v CNA Financial Corp,* 123 Mich App 162; 333 NW2d 206 (1983), lv den 419 Mich 881 (1984), first argues that the trial court, in issuing its April 30, 1986, judgment, erred "by striking as surplusage the assessment of damages in the amount of $100,000 as to defendant Chrysler Corporation." Our review of the record reveals, however, that plaintiff's counsel consented in open court to the entry of a judgment providing, first, that zero damages be paid by Chrysler and, second,

that plaintiff's court costs and attorney fees be paid by Chrysler. Now, on appeal, plaintiff argues that the judgment should have included language awarding her $100,000 in damages against Chrysler. A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute. *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615, 629; 329 NW2d 760 (1982); *People v Roberson,* 167 Mich App 501, 517; 423 NW2d 245 (1988). Moreover, consent judgments properly entered on the record in open court are binding on the parties absent a satisfactory showing of mistake, fraud or unconscionable advantage. *Michigan Nat'l Bank of Detroit v Patmon,* 119 Mich App 772; 327 NW2d 355 (1982); *Siegel v Spinney,* 141 Mich App 346, 350; 367 NW2d 860 (1985). In this case, plaintiff alleges no mistake, fraud or unconscionable advantage.

Second, plaintiff argues on appeal that "the trial court erred in entering orders assessing mediation penalties because the verdict was more favorable to the plaintiff than the mediation evaluation."

As already noted, this case was mediated on November 16, 1983, and resulted in an evaluation of $12,500 to be paid jointly by Chrysler and Verdugo. The judgment entered by the lower court provided that Chrysler pay plaintiff's costs and attorney fees. Plaintiff, however, never moved for determination and payment of her costs and attorney fees. On appeal, plaintiff maintains that her entitlement to costs and attorney fees from Chrysler under the terms of the trial court's judgment constitutes an improvement of her position against Chrysler by more than ten percent of the mediation evaluation against that defendant. Furthermore, plaintiff asserts that she is entitled, as a

"prevailing party," to recover attorney fees against Verdugo under a provision in the Civil Rights Act, MCL 37.2802; MSA 3.548(802), and has thus also improved her position against Verdugo by more than ten percent of the mediation evaluation against him.

The court rule[2] relied upon by the trial court in imposing mediation sanctions against plaintiff provided at that time:

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is

---

[2] The current version of MCR 2.403(O) provides, in pertinent part:

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion filed after mediation.

(3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

* * *

(6) For the purpose of this rule, actual costs include those costs taxable in any civil action and a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation.

(3) For the purpose of this rule, actual costs include those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

(4) Costs shall not be awarded if the mediation award was not unanimous. [MCR 2.403(O).]

This rule, which became effective on March 1, 1985, and thus prior to the August 25, 1986, and September 22, 1986, orders of the lower court awarding mediation sanctions to Chrysler and Verdugo, respectively, was preceded, regarding cases in Wayne Circuit Court, by Wayne Circuit Court Local Rule 403, which, at the time plaintiff rejected the mediation evaluation in this case, provided, in pertinent part:

When the board's evaluation is unanimous and the defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the board's evaluation in order to avoid the payment of actual costs to the defendant. [Wayne Circuit Court Local Rule 403.15(c).]

Actual costs include those costs and fees taxable

in any civil action and, in addition, an attorney fee for each day of trial in circuit court, determined by the trial judge in accordance with the fee prevailing locally. [Wayne Circuit Court Local Rule 403.16.]

Before addressing the substance of the issue now before us, we must determine whether, as Chrysler asserts on appeal, plaintiff has waived her right to receive attorney fees by failing to have timely sought in the lower court an order awarding such fees. It is true, as Chrysler points out, that MCR 2.625(F) provides that, when costs are to be taxed, the party entitled to the costs must present a bill of costs within twenty-eight days after the judgment is signed or within twenty-eight days after entry of an order denying a motion for a new trial or to set aside the judgment. This Court has recognized, however, that the twenty-eight-day rule is inapplicable in situations where, for example, attorney fees are awarded under 42 USC 1988 to a prevailing party in a federal civil rights case, or where attorney fees are awarded in mediation sanction cases under the court rules. See *Young v Barker,* 158 Mich App 709, 726-727; 405 NW2d 395 (1987), lv den 429 Mich 857 (1987); *Fairway Enterprises, Inc v Na-Churs Plant Food Co,* 163 Mich App 497; 415 NW2d 257 (1987), lv den 430 Mich 875 (1988). Similarly, the twenty-eight-day rule was inapplicable in the present civil rights case.

It is clear that, in determining whether defendants are entitled to mediation sanctions against plaintiff because plaintiff failed to have improved her position at trial by more than ten percent of the $12,500 mediation evaluation in her favor, we must first determine whether plaintiff is entitled to an award of attorney fees against defendants and, if so, whether the amount to which she is

entitled exceeds the mediation evaluation amount by more than ten percent.

Since the April 30, 1986, judgment itself specifies, in conformity with the consent given by counsel in open court, that "Plaintiff shall be entitled to costs and attorneys' [sic] fees to be paid by Defendant Chrysler Corporation, in an amount determined to be appropriate by the Court in accordance with established legal principles applicable to the facts of this case," there is no question that plaintiff is entitled to an award of costs and attorney fees against Chrysler. The amount of those costs and fees, however, is not known, since the trial court has never been asked to exercise its discretion and determine the costs and reasonable amount owing for such fees. See *Dep't of Civil Rights v Horizon Tube Fabricating, Inc*, 148 Mich App 633, 639-640; 385 NW2d 685 (1986). Thus, we are unable to determine whether the verdict amount owed by Chrysler exceeds the mediation evaluation by at least ten percent.[3] On remand, this determination must be made by the trial court after, if necessary, briefs and appropriate documentation have been submitted and, if requested, a hearing is conducted. If the verdict, including costs and attorney fees plaintiff reasonably incurred, exceeds the applicable ten percent figure, then plaintiff may not be ordered to pay Chrysler mediation sanctions. Otherwise, mediation sanctions may be imposed. However, in calculating such sanctions, if their imposition is warranted, the trial court shall use the court rule which was in effect at the time plaintiff rejected the media-

---

[3] We note that under both the applicable Wayne Circuit Court Local Rule and the Michigan Court Rule, for purposes of determining the propriety of mediation sanctions, a verdict is to be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation.

tion evaluation in 1983, i.e., Wayne Circuit Court Local Rule 403, not MCR 2.403(O). Under the local rule, sanctions would be limited to costs and attorney fees incurred for each day of trial in circuit court, whereas under the successor rule, sanctions would include costs and attorney fees for each day of trial as well as for other services necessitated by the rejection of the mediation evaluation. Applying the more inclusive rule, which was not in effect when plaintiff rejected the mediation evaluation in this case, would work an injustice. See MCR 1.102; *Brashers v Jefferson,* 70 Mich App 456, 460; 245 NW2d 787 (1976), rev'd 402 Mich 399; 263 NW2d 243 (1978).

Plaintiff's entitlement to costs and attorney fees from Verdugo is not as simply determined as was her entitlement to such costs and fees from Chrysler. Of course, the April 30, 1986, judgment does not award plaintiff costs and attorney fees against Verdugo. Plaintiff bases her claim of entitlement on the jury's finding in the verdict form that she proved that "Verdugo unlawfully sexually harassed Plaintiff" and on a provision in the Civil Rights Act which provides:

> A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate. [MCL 37.2802; MSA 3.548(802).]

The decision whether to grant or deny an award under this provision rests within the sound discretion of the trial court. *Riethmiller v Blue Cross & Blue Shield of Michigan,* 151 Mich App 188, 203; 390 NW2d 227 (1986). Panels of this Court have suggested that an award under this statute pre-

sumes that the plaintiff is a financially successful or prevailing party. See *Eide v Kelsey-Hayes Co*, 154 Mich App 142, 162; 397 NW2d 532 (1986), aff'd in part 431 Mich 26; 427 Mich 488 (1988); *Collister v Sunshine Food Stores, Inc*, 166 Mich App 272; 419 NW2d 781 (1988). The United States Supreme Court has found that, under an analogous civil rights provision in federal law, 42 USC 1988,[4] a plaintiff, in order to be considered a "prevailing party" eligible for an award of attorney fees, must receive at least some relief on the merits of his or her claim. *Hewitt v Helms*, 482 US 755; 107 S Ct 2672; 96 L Ed 2d 654 (1987); see also *Rhodes v Stewart*, 488 US —; 109 S Ct 202; 102 L Ed 2d 1 (1988); *Webster v Sowders*, 846 F2d 1032 (CA 6, 1988). In *Hewitt*, since the plaintiff had merely obtained a favorable judicial statement of law in the course of litigation in which he alleged that he had been denied due process, but had been afforded no relief in the form of, for example, an award of damages, an injunction, or a declaratory judgment on a favorable consent decree or settlement, five justices of the Supreme Court found that an award of attorney fees was unwarranted. 482 US 759-760.

---

[4] 42 USC 1988 provides, in relevant part:

In any action or proceeding to enforce a provision of [§ 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 USC 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

"Michigan courts regard federal precedents on questions analogous to those present under the Michigan civil rights statutes as highly persuasive." *Collister, supra,* p 275. Accordingly, we find that plaintiff is not entitled to an award of costs and attorney fees from Verdugo under MCL 37.2802; MSA 3.548(802) and that, as a result, and in light of the jury's award of zero damages against Verdugo, plaintiff did not improve her position at trial from that attained by way of the mediation evaluation in her favor. Thus, the trial court did not err in concluding that plaintiff is liable to Verdugo for mediation sanctions. However, as already noted above, the trial court, in calculating the amount of the sanctions applicable, erred in using as its guide MCR 2.403(O) and not Wayne Circuit Court Local Rule 403.16. On remand, the award of mediation sanctions in favor of Verdugo should be recalculated in accordance with the latter rule.

In summary, we find that the trial court's April 30, 1986, judgment may not be disturbed on appeal, since the judgment itself accurately reflects terms stated as acceptable by plaintiff's counsel in open court, but that the trial court's August 25, 1986, and September 22, 1986, orders regarding mediation sanctions must be vacated. The September 22, 1986, order in favor of Verdugo must be rewritten using as a guide the terms of Wayne Circuit Court Local Rule 403.16, and the August 25, 1986, order in favor of Chrysler must be permanently vacated if it is determined that the verdict amount, including the costs and attorney fees owed to plaintiff by Chrysler, improved plaintiff's position by more than ten percent over the mediation evaluation in her favor. On the other hand, if the costs and attorney fees owed to plain-

tiff by Chrysler are determined not to have improved plaintiff's position by more than ten percent over the mediation evaluation in her favor, the August 25, 1986, order must also be rewritten using as a guide the terms of Wayne Circuit Court Local Rule 403.16.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs.