O'NEILL v HOME IV CARE, INC

Docket Nos. 226428, 228162. Submitted January 9, 2002, at Detroit. Decided February 5, 2002, at 9:10 A.M. Leave to appeal sought.

Mary O'Neill brought an action in the Oakland Circuit Court against Home I.V. Care, Inc., and others, alleging that the defendants violated the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, in terminating the plaintiff's employment after she reported the defendants' wage practices to state and federal authorities. Mediation resulted in an evaluation in favor of the plaintiff. The defendants accepted, and the plaintiff rejected, the evaluation. A jury returned a lesser verdict in favor of the plaintiff. The plaintiff submitted to the court a proposed judgment that added to the jury verdict an award of attorney fees and costs pursuant to the WPA and prejudgment interest. The defendants objected to the proposed judgment, arguing that any award of attorney fees that results in the plaintiff's receiving a judgment high enough to avoid sanctions for her rejection of the mediation evaluation would defeat the purpose of mediation. The plaintiff filed a motion to settle the judgment. The defendants moved for an award of attorney fees and costs as mediation sanctions. At the hearing on the plaintiff's motion, the court, Robert L. Templin, J., over the plaintiff's objection, decided to also hear the defendants' motion. The court agreed with the defendants that the plaintiff should not be allowed to avoid mediation sanctions and thus awarded attorney fees in an amount that ensured that the judgment was less favorable to the plaintiff than the mediation evaluation. After conducting a subsequent hearing on the reasonableness of the defendants' request for an award of attorney fees and costs as mediation sanctions, the court made the requested award. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court abused its discretion by taking into consideration the mediation evaluation and sanctions in determining the plaintiff's award of attorney fees and costs under the WPA. In deciding whether a plaintiff in an action under the WPA should be awarded costs and attorney fees, a court must limit its consideration to the purpose of the WPA (which is to remove barriers to an employee who seeks to report a violation of law, thereby protect-

ing the integrity of the law and the public at large), the purpose of the attorney fee and cost provisions (which is to encourage whistleblowers discriminated against by their employers to seek legal redress, to ensure them access to the courts, and to prevent employer retaliation against them), and factors relevant to the reasonableness of the attorney fee request.

2. The award of mediation sanctions to the defendants is vacated without prejudice. The case is remanded to a different judge for redetermination of an award of costs and attorney fees to the plaintiff. If the resulting judgment for the plaintiff is less favorable than the mediation evaluation, the defendants can again seek attorney fees and costs as mediation sanctions.

Reversed in part, vacated in part, and remanded for further proceedings.

MASTER AND SERVANT — WHISTLEBLOWERS' PROTECTION ACT — MEDIATION.

A court, in deciding whether to award costs and attorney fees to a plaintiff who prevails against the plaintiff's employer at trial in an action under the Whistleblowers' Protection Act after rejecting a mediation evaluation in the plaintiff's favor, may not consider the effect the award would have on the plaintiff's liability for mediation sanctions; the court must limit its consideration to the purpose of the act, the purpose of the cost and attorney fee provisions of the act, and factors relevant to the reasonableness of the attorney fee request (MCL 15.364; MCR 2.403).

*Chapman & Associates* (by *Ronald W. Chapman* and *Brian J. Richtarcik*), for the plaintiff.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Megan P. Norris* and *Philip B. Phillips*), for the defendants.

Before: HOOD, P.J., and MURPHY and MARKEY, JJ.

MURPHY, J. Plaintiff Mary O'Neill appeals as of right from an order awarding her attorney fees, costs, and interest pursuant to MCL 15.364, § 4 of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.* Plaintiff disputes the amount of the award. Plaintiff also appeals as of right from a subsequent order awarding defendants attorney fees and costs as medi-

ation sanctions pursuant to MCR 2.403(O). We reverse and remand for a proper determination of plaintiff's attorney fees and costs pursuant to MCL 15.364, and we vacate, without prejudice, the award of mediation sanctions to defendants.

Plaintiff was terminated from her job with defendants after she alerted the United States and Michigan Departments of Labor to defendants' wage practices. Plaintiff filed a complaint, and subsequent amended complaints, alleging that she was terminated in violation of the WPA. Plaintiff also alleged retaliatory discharge against public policy and age discrimination in violation of the Michigan civil rights act (CRA), MCL 37.2101 *et seq.* The lower court record indicates that both the retaliatory discharge and age discrimination claims were summarily dismissed.

The case was submitted to mediation that resulted in a mediation evaluation of $30,000 in favor of plaintiff.[1] Defendants accepted, and plaintiff rejected, the mediation evaluation. A four-day jury trial was held on plaintiff's WPA claim, and the jury found in her favor, awarding plaintiff $20,245 in economic damages.

Plaintiff submitted a proposed judgment under the seven-day rule, MCR 2.602(B)(3), in which plaintiff sought entry of a judgment incorporating the $20,245 jury verdict and awarding her $48,869 in attorney fees and costs pursuant to MCL 15.364, plus $2,922 in prejudgment interest. Defendants timely objected to the proposed judgment, arguing that the prejudgment

---

[1] In 2000, the name of the process described in MCR 2.403 was changed from "mediation" to "case evaluation." Because the parties and the trial court refer to "mediation," we shall use that term for purposes of this opinion.

interest plaintiff was entitled to amounted to only $1,484. In regards to plaintiff's attorney fees, defendants argued that plaintiff failed to submit documentation supporting the award, that the request was not reasonable in light of the small jury verdict, and that plaintiff was not the prevailing party under MCR 2.625 because two of the causes of action had been dismissed. Further, defendants argued that plaintiff was not entitled to any fees incurred after rejection of mediation and that to award plaintiff the requested attorney fees would defeat the purpose of mediation sanctions that defendants were rightfully entitled to receive.

Subsequently, plaintiff filed a motion to settle the judgment and for an award of attorney fees and costs incurred in litigating the WPA claim.[2] Plaintiff argued in the motion that the mediation evaluation should not be considered in determining her attorney fees and costs, and that the amounts requested were assessable costs to be added to the jury verdict under MCR 2.403(O)(3).

Although a judgment on the jury verdict had yet to be entered, defendants filed a motion for taxation of costs and attorney fees, requesting $1,097 in costs and $40,526 in attorney fees on the basis that they were entitled to mediation sanctions under MCR 2.403(O). A hearing on plaintiff's motion to settle the judgment and for an award of attorney fees and costs was held, and the trial court decided, over plaintiff's objection, to also address defendants' motion for taxation of costs and attorney fees based on the media-

---

[2] Plaintiff modified the terms noted in her proposed judgment, requesting $1,574 in prejudgment interest and $49,644 in attorney fees and costs.

tion evaluation. The trial court rejected plaintiff's argument that it should not consider the mediation evaluation and sanctions until a judgment was entered on plaintiff's motion to settle the judgment, including the calculation of costs and attorney fees to be awarded pursuant to § 4 of the WPA, MCL 15.364.

The following colloquy occurred at the hearing regarding plaintiff's attorney fees and costs:

> *Defense counsel.* Now, if the Court is inclined to award costs and attorney fees, that [it] not award costs and attorney fees at a point—at a level where [plaintiff is] able to escape the mediation rules, which are clear. If [plaintiff is] given attorney fees, be it a maximum of one-third of whatever the verdict was or whatever number the Court determines is reasonable[,] [b]e it [$]6, $7,000, it should not be a number that permits [plaintiff] to be 10 percent better than the jury verdict in this case, which allows [plaintiff] to double dip and escape the mediation rules. Even if the verdict was a dollar, [plaintiff] can still do the same thing and I don't think that is appropriate and defeats the entire purpose of the mediation sanction rules.
>
> *The Court.* Well, I agree with Defendant. What I am going to do is this. We're going to award to the Plaintiff[,] attorney fees in the amount of $7,000.

From this exchange, and others during the hearing,[3] it is clear the trial court based its decision to award only $7,000 in attorney fees on its concern that too large an award would allow plaintiff to avoid mediation sanctions under MCR 2.403(O). The trial court also awarded plaintiff costs of $2,063, plus $1,499 in interest. Adding those amounts to the jury award of $20,245, the trial court calculated the adjusted verdict

---

[3] The trial court also stated that "if I gave you [plaintiff] $40,000 [in] attorney fees, then you avoid the mediation sanctions, so you're double dipping in that regard."

to be $30,807.[4] After this adjustment, and taking into consideration the $30,000 mediation evaluation, the trial court found that the verdict was not more favorable to plaintiff because $30,807 was less than ten percent above the case evaluation.[5] Therefore, the trial court ordered that defendants were entitled to mediation sanctions. Following a subsequent evidentiary hearing concerning the reasonable amount of attorney fees and costs incurred by defendants after the mediation rejection, the trial court awarded defendants attorney fees and costs in the amount of $48,766 pursuant to MCR 2.403(O).

On appeal, plaintiff contends that the trial court erred in determining the amount of attorney fees and costs that she was entitled to under the WPA, and that the court erred in determining the amount of attorney fees and costs defendants were entitled to under MCR 2.403(O).[6] Specifically, plaintiff argues that the trial court abused its discretion by failing to award plaintiff all her reasonable attorney fees pursuant to MCL 15.364, erred in wrongly considering mediation sanctions as a factor in determining the reasonableness of attorney fees requested pursuant to MCL

---

[4] Adjustments to the verdict include the addition of assessable costs and interest, including any attorney fees that a plaintiff may be entitled to under law. MCR 2.403(O)(3); *Grow v W A Thomas Co*, 236 Mich App 696, 718; 601 NW2d 426 (1999); *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 480-481; 442 NW2d 705 (1989).

[5] MCR 2.403(O)(1) provides, in part, that "[i]f a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation." MCR 2.403(O)(3) provides, in relevant part, that a verdict "is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation."

[6] Plaintiff's appellate arguments concern only matters regarding attorney fees and costs under MCL 15.364, and there is no claim of error regarding the calculation of prejudgment interest.

15.364, and erred in considering defendants' motion for mediation sanctions before entry of the final judgment. We agree with plaintiff that the trial court abused its discretion by taking into consideration the mediation evaluation and sanctions when determining plaintiff's award of attorney fees and costs under MCL 15.364.

In *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997), this Court stated that the decision to award attorney fees under the WPA is reviewed on appeal for an abuse of discretion. A trial court abuses its discretion by rendering a decision when an unbiased person would conclude that there was no justification or excuse for the decision after consideration of the facts relied on by the trial court. *Miller v Hensley*, 244 Mich App 528, 529; 624 NW2d 582 (2001).

MCL 15.364 provides, in relevant part, that "[a] court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate." Section 802 of the CRA, MCL 37.2802, contains language nearly identical to that found in MCL 15.364.[7] The Legislature's use of nearly identical language is meaningful, and we believe it appropriate to consider case law addressing MCL 37.2802 when analyzing the issues regarding MCL 15.364 because there is a lack of relevant case

---

[7] MCL 37.2802 provides that "[a] court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate."

law concerning the WPA. See *Anzaldua v Band*, 457 Mich 530, 546-548; 578 NW2d 306 (1998).

In *Grow v W A Thomas Co*, 236 Mich App 696, 714-715; 601 NW2d 426 (1999), this Court noted the following factors for consideration when determining attorney fees and costs under the CRA:

> Where attorney fees are to be awarded, the court must determine the reasonable amount of fees according to various factors, including (1) the skill, time, and labor involved, (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer, (3) the fee customarily charged in that locality for similar services, (4) the amount in question and the results achieved, (5) the expense incurred, (6) the time limitations imposed by the client or the circumstances, (7) the nature and length of the professional relationship with the client, (8) the professional standing and experience of the attorney, and (9) whether the fee is fixed or contingent. *Wood v DAIIE*, 413 Mich 573, 588; 321 NW2d 653 (1982); *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 114; 593 NW2d 595 (1999).

The *Grow* panel noted that the existence of a contingent fee agreement did not preclude an award of attorney fees under the CRA and that such an arrangement is only one of the factors to be considered in determining a reasonable attorney fee. *Grow, supra* at 715.

Here, the trial court's focus was on the mediation evaluation and sanctions and not on the relevant factors noted in *Grow*.[8] Moreover, we are of the opinion that the trial court's focus on mediation in determin-

---

[8] To the extent, which we believe to be minimal at best, that the trial court also considered the size of the verdict and the contingency fee agreement, the court's overwhelming focus on mediation sanctions in rendering its decision irreconcilably tainted any discussion of other factors.

ing attorney fees and costs under MCL 15.364 is contrary to the purpose of the WPA as well as the principles pertaining to mediation.

Because the WPA is a remedial statute, it is to be liberally construed to favor the persons the Legislature intended to benefit. *Chandler v Dowell Schlumberger Inc*, 456 Mich 395, 406; 572 NW2d 210 (1998). In *Hopkins v City of Midland*, 158 Mich App 361, 374; 404 NW2d 744 (1987), this Court noted that the WPA was enacted to remove barriers to an employee who seeks to report violations of the law, thereby protecting the integrity of the law and the public at large. In *Collister v Sunshine Food Stores, Inc*, 166 Mich App 272, 274; 419 NW2d 781 (1988), this Court, citing *Jenkins v Southeastern Michigan Chapter, American Red Cross*, 141 Mich App 785, 801; 369 NW2d 223 (1985), stated that the purpose of the attorney fee and cost provisions of MCL 37.2802 (CRA) is to "encourage persons who have been deprived of their civil rights to seek legal redress, to insure victims of employment discrimination access to the courts, and to deter discrimination in the work force." The *Collister* panel further ruled that a decision by a court to award or deny attorney fees under the CRA must be made in light of that purpose and may not be based on considerations inconsistent with that purpose. *Collister, supra* at 274. We believe that the purpose of the WPA, noted above, and the concerns regarding access to the courts and prevention of wrongful conduct enunciated in *Collister*, must be considered in making a determination regarding the award of attorney fees and costs under MCL 15.364.

The trial court's focus on the mediation evaluation, and the effect its ruling concerning attorney fees

would have on mediation sanctions, are not proper considerations when viewed in the light of the purpose for which the WPA was enacted. We believe that the appropriate analysis in determining an award of attorney fees and costs under MCL 15.364 involves consideration of the various factors noted in *Grow* in conjunction with consideration of the purpose of the WPA, guided by the specific language found in MCL 15.364.

Our decision is further supported by the rules concerning mediation. Although no court rule or statute specifically prohibits a judge from considering a mediation evaluation, after a jury trial, in determining whether to assess costs and award attorney fees, and in determining the amounts to be awarded, we believe that such a prohibition is implicit from various provisions found in MCR 2.403.

MCR 2.403(N)(4) provides that "[i]n a nonjury action, the envelope [containing the mediation evaluation] may not be opened and the parties may not reveal the amount of the evaluation until the judge has rendered judgment." MCR 2.403(D)(3) provides that "[a] judge may be selected as a member of a case evaluation panel, but may not preside at the trial of any action in which he or she served as a case evaluator." MCR 2.403(N)(2)(d) precludes a judge from presiding at a nonjury trial if the judge hears a motion challenging a mediation panel's determination that an action or defense is frivolous. These provisions clearly exist to preclude a judge from considering mediation sanctions before rendering judgment in a bench trial. Similarly, we see no reason why a judge should be allowed to consider mediation sanctions where a jury has rendered a verdict, but where the

court has input in determining the amount of the final judgment through an award of attorney fees and costs as specifically provided by the Legislature. The danger is the same: the mediation evaluation and potential sanctions could influence a judge's decision and result in a judgment based not on the facts of the case, but on the amount of the evaluation.

The importance of secrecy concerning mediation evaluations is clearly reflected in *Bennett v Medical Evaluation Specialists*, 244 Mich App 227, 228; 624 NW2d 492 (2000), wherein this Court, addressing a situation where counsel improperly revealed a mediation evaluation, held that "when a party intentionally reveals the amount of a mediation evaluation to the trial court during a nonjury trial, the trial court must declare a mistrial and reassign the case to another judge." The *Bennett* panel stated that "[o]ne of the main concerns of the mediation rule, as evidenced by certain subsections of MCR 2.403, is judicial impartiality where a mediated case proceeds to trial." *Bennett, supra* at 231. We are of the opinion that judicial impartiality dictates that a judge not consider a mediation evaluation, and the potential sanctions, when determining an award of attorney fees and costs, as was done in the present case.

Moreover, our review and interpretation of MCR 2.403(O)(8) leads us to conclude that from a procedural standpoint, consideration of a mediation evaluation before entry of judgment is not permissible. MCR 2.403(O)(8) provides that "[a] request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment." The basic principles regarding statu-

tory interpretation also govern when interpreting court rules. *Bennett, supra* at 230. " 'A court rule should be construed in accordance with the ordinary and approved usage of its language in light of the purpose the rule seeks to accomplish.' " *Id.*, quoting *Bush v Mobil Oil Corp*, 223 Mich App 222, 226; 565 NW2d 921 (1997).

We believe that the language of MCL 2.403(O)(8) envisions that a judgment must first be entered before a party even makes a request for mediation sanctions, let alone before a judge entertains consideration of the mediation evaluation. Here, defendants improperly invoked the issue of mediation sanctions before the entry of the judgment, and the trial court improperly considered the mediation evaluation and sanctions before the final judgment was entered.[9]

We urge our Supreme Court to consider adoption of specific rules to address the problem that arose in the case before us today. Perhaps, mediation evaluations should remain sealed in all cases until a final judgment is entered, and not just in cases where a bench trial is involved, in order to avoid consideration, or the appearance of consideration, of improper factors. Minimally, we believe that it would be prudent to establish a rule that specifically prohibits a judge from considering a mediation evaluation before a final judgment is entered after a jury trial.

---

[9] We note that the trial court's concern with plaintiff "double dipping" was improper because the discussion related to mediation sanctions, and because no double recovery would be involved had plaintiff been awarded attorney fees and costs pursuant to MCL 15.364, yet avoided mediation sanctions. See *McAuley v General Motors Corp*, 457 Mich 513, 522-523; 578 NW2d 282 (1998).

In light of our decision, we vacate the award of mediation sanctions to defendants, without prejudice, to allow for a proper determination of attorney fees and court costs under MCL 15.364. On remand, we order that proceedings consistent with this opinion be held before another judge, not because we believe that the trial judge could not fairly apply the guidelines set forth in this opinion, but in order to protect against any claim of an appearance of impropriety and to protect the integrity of the proceedings. *Bennett, supra* at 233. Should defendants be entitled to mediation sanctions after a new determination of attorney fees and costs, defendants can proceed accordingly pursuant to MCR 2.403(O)(8).

Reversed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.