*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRELL PRIGGETT,

                Plaintiff-Appellant,

v

PLATINUM PETROLEUM, INC., and LOUY
MOWAFAK PATTAH,

                Defendants-Appellees.

UNPUBLISHED
January 18, 2024

No.  362850
Macomb Circuit Court
LC No.  2020-003677-NO

Before:  CAVANAGH, P.J., and RICK and PATEL, JJ.

PER CURIAM.

In this negligence action, plaintiff appeals as of right the order for judgment for no cause for action from a jury trial resulting in the same verdict.  We affirm.

## I.  BACKGROUND

In March 2019, defendant Louy Mowafak Pattah shot plaintiff with a pepper spray gun in defendant Platinum Petroleum's gasoline station.  Plaintiff filed suit, asserting that Pattah was negligent and Platinum Petroleum was vicariously liable for Pattah's negligence.  The parties disputed whether Pattah's actions were justified by self-defense.

Relevant to this appeal is the method of questioning plaintiff's counsel employed during his direct examination of Steven Wright, plaintiff's cousin, who witnessed the events.  Plaintiff's counsel played a surveillance video of the incident and Wright testified about the contents of the video.  Plaintiff's counsel used numerous leading questions to navigate the surveillance video with Wright.  Although no objections were made by the parties, the trial court admonished plaintiff's counsel several times regarding his improper methodology.  Eventually, the trial court sua sponte directed plaintiff's counsel to finish his direct examination of Wright without the surveillance video.  Once again, no objections were made.

The jury ultimately found that Pattah was not negligent, and the trial court entered a judgment for no cause for action.  Plaintiff filed a motion for new trial, arguing that the jury's

-1-

verdict was against the great weight of the evidence. The trial court denied the motion. This appeal followed.

## II. ANALYSIS

Plaintiff argues the trial court erred by allowing Wright to narrate the surveillance video because doing so created an unclear record. Plaintiff also asserts the trial court erred by failing to take remedial action to address the concern.

"In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 3. A litigant must raise an issue in the trial court to preserve it for appellate review. *Id*. at ___; slip op at 3. As we explained in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194; 920 NW2d 148 (2018), a party "may not remain silent in the trial court and then hope to obtain appellate relief on an issue that [he or she] did not call to the trial court's attention." Because this issue was not raised or addressed during trial or in a timely postjudgment motion, it is unpreserved. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).

We will generally decline to address an unpreserved issue unless the failure to do so would result in manifest injustice, if the issue involves a question of law and the facts necessary for its resolution have been presented, or resolving the issue is necessary to properly determine the case. *Miller v Mich Dep't of Corrections*, 343 Mich App 104, 119; 996 NW2d 738, (2022). Our Supreme Court has cautioned that this discretion should be exercised sparingly and only in exceptional circumstances. *Napier v Jacobs*, 429 Mich 222, 233-234, 414 NW2d 862 (1987).

We decline to exercise our discretion to address an alleged error plaintiff created. Plaintiff's counsel asked Wright to narrate the surveillance video footage while it played during his direct examination. Because plaintiff's counsel employed this method of questioning, plaintiff cannot now claim it was error to permit it. See *In re Koch Estate*, 322 Mich App 383, 402-403; 912 NW2d 205 (2017) ("A party may not appeal an error that the party created."). Allowing plaintiff to do so would permit him to harbor his counsel's error as an appellate parachute. See *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989) ("A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute.").

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michelle M. Rick
/s/ Sima G. Patel