# STATE OF MICHIGAN

# COURT OF APPEALS

THEODORE CADWELL and GLENN QUAKER,

Plaintiffs-Appellees,

v

CITY OF HIGHLAND PARK,

Defendant-Appellant.

FOR PUBLICATION
June 19, 2018
9:05 a.m.

No. 338070
Wayne Circuit Court
LC No. 10-012583-NO

Before: BECKERING, P.J., and M. J. KELLY and O'BRIEN, JJ.

M. J. KELLY, J.

Defendant, City of Highland Park, appeals as of right the trial court order awarding postjudgment attorney fees to plaintiffs, Theodore Cadwell and Glenn Quaker. We conclude that a plaintiff prevailing on an action filed under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*., may recover postjudgment attorney fees under MCL 15.364. However, because the trial court failed to properly evaluate whether the requested attorney fees were reasonable and appropriate, we vacate the court's order awarding postjudgment attorney fees and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

Cadwell and Quaker were formerly employed by Highland Park as its chief of police and deputy chief of police, respectively. In October 2010, they filed a complaint against Highland Park, which was later amended to add a claim that they were retaliated against in violation of the WPA and their employment agreements. The matter proceeded to a jury trial, and the jury found for Cadwell and Quaker on their contract claims and their claims under the WPA. The jury awarded Cadwell and Quaker $760,680 each, which included $500,000 each in damages for emotional distress. On May 14, 2013, the trial court entered a judgment awarding Cadwell and Quaker each $760,680, plus costs and $47,695.60 in attorney fees.

Highland Park appealed to this Court, which affirmed the jury's verdict, but concluded that the award of emotional distress damages was unsupported by the evidence, so remittitur was warranted under MCR 2.611(E). *Cadwell v Highland Park*, unpublished per curiam opinion of the Court of Appeals, issued May 28, 2015 (Docket No. 318430); unpub op at 7. On remand, Cadwell and Quaker accepted the remitted judgment, and the trial court entered a remittitur judgment which stated that the judgment amount, all costs, and all attorney fees "shall earn and bear interest at the applicable statutory rate pursuant to MCL § 600.6013(8)." Based on our

review of the lower court record, it appears that since the remittitur judgment was entered at least 10 motions have been filed in the trial court seeking various types of relief, with some of the motions resulting in decisions that were appealed to this Court with varying results.

For example, in June 2016, the trial court granted Cadwell and Quaker's motion seeking a writ of mandamus compelling Highland Park to place the judgment on its tax rolls. The court denied reconsideration of that motion, and Highland Park appealed to this Court, which dismissed the claim for lack of jurisdiction. *Cadwell v Highland Park*, unpublished order of the Court of Appeals, entered July 27, 2016 (Docket No. 333962).

The parties also disputed the appropriate amount of interest due on the judgment. The trial court eventually accepted Cadwell and Quaker's calculation of interest and entered an order in January 2017 stating as of November 30, 2016, the total balance owed by Highland Park was $433,281.80, and stating that the balance was due immediately. Again, Highland Park filed a claim of appeal with this Court, which was dismissed for lack of jurisdiction. *Cadwell v Highland Park*, unpublished order of the Court of Appeals, entered February 8, 2017 (Docket No. 336758). Thereafter, Highland Park filed an application for leave to appeal the January 2017 order regarding interest on the judgment, and in a preemptory order, this Court reversed and remanded for recalculation of the amount of interest due. *Cadwell v Highland Park*, unpublished order of the Court of Appeals, entered March 20, 2017 (Docket No. 336969).

In February 2017, the trial court entered an order holding Highland Park in contempt for failing to comply with an August 2016 writ of mandamus that required Highland Park to produce certain documents. Highland Park appealed to this Court, which vacated the contempt order because it was entered without affording Highland Park minimal due process. *Cadwell v Highland Park*, unpublished order of the Court of Appeals, entered March 20, 2017 (Docket No. 337061).

The present appeal arises from a motion filed by Cadwell and Quaker on March 22, 2017, which sought additional attorney fees and costs for the efforts their lawyer had expended to enforce and collect on the remitted judgment. They contended that pursuant to the WPA Highland Park was responsible for their post-trial attorney fees. Cadwell and Quaker supported their motion with a record of the hours spent by their lawyer on the case between March 24, 2016, the day after our Supreme Court denied leave to appeal this Court's opinion remanding for remittitur, and March 21, 2017, the day before the motion for additional attorney fees was filed. The record included a total of 148.8 hours. When multiplied by the requested rate of $400 per hour, Cadwell and Quaker requested additional attorney fees totaling $59,520. The record also listed filing fees of $140. Ultimately, Cadwell and Quaker sought a total of $59,660 for post-trial attorney fees.

Highland Park argued that postjudgment attorney fees were not recoverable under the WPA and that Cadwell and Quaker were improperly attempting to recover attorney fees related to decisions that were ultimately reversed by this Court. At oral argument before the trial court, Cadwell and Quaker contended that fees were appropriate for the time spent trying to recover on the judgment since March 2016. Highland Park argued that it had paid Cadwell and Quaker about $401,000 and that a payment plan would be put in place for the remainder of what was owed. It further requested that if the court awarded attorney fees it should only award a

-2-

reasonable amount, taking into consideration Highland Park's need to zealously advocate the matter post-trial.

After clarifying that the request was for 148.8 hours of work, the trial court stated Cadwell and Quaker's lawyer "has not included all of the hours he spent," that a rate of $200 per hour was "not an insult," but instead took into consideration that Highland Park was financially not in a position to pay more, and that the rate awarded "might still be a little under what somebody" with 30 plus years of practice would normally receive. Accordingly, the trial court granted the motion, awarding Cadwell and Quaker attorney fees of $29,760, representing 148.8 hours at $200 an hour.

## II. ATTORNEY FEES

### A. STANDARD OF REVIEW

Highland Park argues that the trial court erred by granting postjudgment attorney fees to Cadwell and Quaker. A trial court's decision to award attorney fees under the WPA is reviewed for an abuse of discretion. *O'Neill v Home IV Care, Inc*, 249 Mich App 606, 612; 643 NW2d 600 (2002). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012) (quotation marks and citation omitted). The court's factual findings are reviewed for clear error. *Id.* Questions of statutory interpretation are reviewed de novo. *Id.*

### B. ANALYSIS

As a general rule, attorney fees "are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Haliw v Sterling Hts*, 471 Mich 700, 707; 691 NW2d 753 (2005). Here, the WPA provides that a trial court may, in its discretion, award a plaintiff who brought a claim under the WPA "reasonable attorney fees" if the court finds it "appropriate" to do so. MCL 15.364. Pursuant to MCL 15.364, the trial court's original judgment in this case included an award for reasonable attorney fees, which Highland Park did not challenge in its first appeal. Further, the remittitur judgment entered following remand from this Court likewise contained an award of reasonable attorney fees in Cadwell and Quaker's favor. Highland Park agrees that the award of attorney fees in connection with the original and the remittitur judgment was appropriate under the WPA. However, Highland Park argues that the WPA only permits the trial court to award attorney fees in connection with work leading up to the moment that a judgment is entered and that it does not allow a court to award any attorney fees for postjudgment legal proceedings. Accordingly, it contends that the trial court erred by awarding Cadwell and Quaker attorney fees for their lawyer's work on the case after the remittitur judgment was entered by the trial court.[1]

---

[1] Cadwell and Quaker argue that the law-of-the-case doctrine and res judicata bar Highland Park from arguing that postjudgment attorney fees are not recoverable under the WPA. We disagree. Under the law-of-the-case doctrine, "[i]f an appellate court has passed on a legal question and

-3-

Although MCL 15.364 plainly allows for an award of attorney fees to a plaintiff who prevails on a claim brought under the WPA, we have not had an occasion to determine whether that same statutory provision also permits a court to award attorney fees for legal representation taken *after* the initial judgment on the WPA claim is entered, i.e. postjudgment attorney fees. When interpreting a statute, our primary goal "is to ascertain and give effect to the intent of the Legislature." *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 373; 652 NW2d 474 (2002). The words used in a statute must be construed "in light of their ordinary meaning and their context within the statute as a whole." *Winkler v Marist Fathers of Detroit, Inc (On Remand)*, 321 Mich App 436, 444-445; 909 NW2d 311 (2017) (quotation marks and citation omitted). Further, "[a] court must give effect to every word, phrase, and clause, and avoid an interpretation that renders any part of a statute nugatory or surplusage." *Id*. at 445 (quotation marks and citation omitted).

MCL 15.364 provides:

> A court, in rendering a judgment in an action brought pursuant to this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

Highland Park suggests that it should prevail because the attorney fees at issue were "not in furtherance of rendering a judgment under the WPA." We disagree. A plaintiff who prevails on a WPA claim but then must engage in postjudgment legal proceedings in order to collect on his or her judgment is still prosecuting an action brought pursuant to the WPA. Here, although the post-trial motions and appeals did not all directly challenge the merits of Cadwell and

---

remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Lenawee Co v Wagley*, 301 Mich App 134, 149; 836 NW2d 193 (2013). "The doctrine is applicable only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Id*. at 149-150. In the prior proceedings before this Court, no award of postjudgment attorney fees had yet been entered. As such, our earlier opinions did not rule—even indirectly—on the question presented in this appeal. Thus, the law-of-the-case doctrine is inapplicable.

Furthermore, "[r]es judicata serves to bar any subsequent action where the first action was decided on its merits, the second action was or could have been resolved in the first action, and both actions involve the same parties or their privies." *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 376; 652 NW2d 474 (2002). Here, the issue of postjudgment attorney fees could not have been resolved in the first action because no order awarding postjudgment attorney fees was entered, or could have even been entered, until after the postjudgment attorney fees were incurred. Thus, res judicata is inapplicable here.

-4-

Quaker's claims brought under the WPA, we recognize that, generally, Highland Park's post-trial actions were undertaken to limit the effect of the judgment and Cadwell and Quaker's actions were taken in an effort to collect on the judgment they were awarded. Thus, although ostensibly related to subjects such as the proper calculation of interest or the collection of a partially paid judgment, the postjudgment actions were brought under the WPA.

Next, Highland Park argues that, under the plain language of the statute, postjudgment attorney fees are not permissible because only attorney fees generated in connection with a judgment following the adjudication of a WPA claim are recoverable. In support, Highland Park focuses on the first sentence of MCL 15.364, which provides that "[a] court, *in rendering a judgment in an action brought pursuant to this act*, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies." (Emphasis added). Highland Park contends that the language "in rendering a judgment" should be interpreted to mean that attorney fees can only be awarded in connection with the rendering of the judgment issued following the jury verdict. The Legislature, however, used the indefinite article "a," which denotes the possibility of more than one "judgment." See *Robinson v Detroit*, 462 Mich 439, 461-462; 613 NW2d 307 (2000). Thus, there can be more than one judgment. In this case, there were several judgments entered: the original judgment, the remittitur judgment, and each and every opinion and order entered by this Court that disposed of an appeal. See MCR 7.215(E) ("When the Court of Appeals disposes of an original action or an appeal, whether taken as of right, or by leave granted, or by order in lieu of leave being granted, its opinion or order is its judgment."). Thus, contrary to Highland Park's argument, the statute does contemplate the award of attorney fees for legal proceedings taken after the "original" judgment entered in favor of a plaintiff who succeeds on a claim brought under the WPA.

Our conclusion is supported by this Court's decision in *McLemore v Detroit Receiving Hosp and Univ Med Ctr*, 196 Mich App 391; 493 NW2d 441 (1992). Although *McLemore* addressed whether appellate attorney fees were recoverable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, not under the WPA, *id.* at 402, this Court has held that it is appropriate to consider case law interpreting MCL 37.2802 under the Elliott-Larsen Civil Rights Act because the language used in MCL 37.2802 is nearly identical to the language used in MCL 15.364, *O'Neill*, 249 Mich App at 612. Similar to the attorney fee provision in the WPA, MCL 37.2802 states that "[a] court, in rendering a judgment in an action brought pursuant to [the Elliott-Larsen Civil Rights Act], may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." Interpreting that language, the *McLemore* Court reasoned:

> Plaintiff apparently seeks to recover the attorney fees incurred defending this appeal. This Court has not previously decided whether appellate attorney fees are recoverable under MCL 37.2802. The subject of this appeal, plaintiff's action, was brought pursuant to the Civil Rights Act. The opinion of this Court is its judgment. MCR 7.215(E)(1). The act permits an award of all costs of litigation including attorney fees when a court renders "a judgment in an action brought pursuant" to the act. MCL 37.2802. Thus, the language of the statute would support such an award. [*McLemore*, 196 Mich App at 402.]

Moreover, we note that this Court has determined in numerous other cases that appellate attorney fees are recoverable under similarly worded statutes. See *Solution Source, Inc*, 252 Mich App at 375 (stating that postjudgment attorney fees are available under the Construction Lien Act, MCL 570.1101 *et seq.*); *Leavitt v Monaco Coach Corp*, 241 Mich App 288, 311-312; 616 NW2d 175 (2000) (stating that appellate attorney fees are recoverable under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 USC 2301 *et seq.*); *Grow v W A Thomas Co*, 236 Mich App 696, 720; 601 NW2d 426 (1999) (stating that appellate attorney fees are available under the Elliott-Larsen Civil Rights Act)*; Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686, 689-691; 476 NW2d 487 (1991) (stating that appellate attorney fees are available under the no-fault act, MCL 500.3148(1)); *Escanaba & L S R Co. v Keweenaw Land Ass'n, Ltd*, 156 Mich App 804, 818-819, 402 NW2d 505 (1986) (stating that appellate attorney fees are available under the Uniform Condemnation Procedures Act, MCL § 213.51 et seq., even though the statute only allows recovery for expenses incurred in defending against the improper acquisition of the property at issue).

In addition, because the WPA is remedial in nature, it must "be liberally construed to favor the persons the Legislature intended to benefit." *Chandler v Dowell Schlumberger Inc*, 456 Mich 395, 406; 572 NW2d 210 (1998). Accordingly, it "should be interpreted broadly to advance its purpose." *Leavitt*, 241 Mich App at 310. The WPA "was intended to benefit those employees engaged in 'protected activity' as defined by the act." *Chandler*, 456 Mich at 406. In addition, this Court has noted that "the WPA was enacted to remove barriers to an employee who seeks to report violations of the law, thereby protecting the integrity of the law and the public at large." *O'Neill*, 249 Mich App at 614. Thus, the attorney-fee provision must be liberally construed to benefit employees engaged in protected activity under the WPA. Interpreting the statute to permit the recovery of postjudgment attorney fees is, therefore, consistent with the remedial purpose of the act.

Highland Park next argues that, even if postjudgment attorney fees are recoverable under the WPA, the trial court's award of attorney fees was not reasonable.

When determining the reasonableness of an attorney fee sought pursuant to a fee-shifting statute,

> a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services. The trial court must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure. [*Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016) (quotation marks and citations omitted).][2]

---

[2] The *Pirgu* Court was tasked with determining how to properly calculate a reasonable attorney fee award under MCL 500.3148(1), not with determining a reasonable attorney fee under the WPA. *Pirgu*, 499 Mich at 271. However, the legal framework set forth in *Pirgu* applies whenever a fee-shifting statute uses the language stating that a lawyer is entitled to a reasonable fee. *Id*. at 279. Thus, because the WPA allows a court discretion to award a reasonable attorney

Thereafter, the trial court must consider *all* of the following "factors to determine whether an up or down adjustment is appropriate:"

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Id*. at 281-282.]

"In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*. at 282.

In this case, the trial court apparently determined that $200 per hour was a reasonable hourly rate and that 148.8 hours were the reasonable number of hours expended.[3] However, in determining that $200 an hour was a reasonable hourly rate, the trial court did not rely on any evidence showing that $200 per hour was the "market rate" that "lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Smith v Khouri*, 481 Mich 519, 531; 751 NW2d 472 (2008). Instead, the court appears to have deemed $200 a reasonable hourly rate because Cadwell and Quaker's lawyer's time "isn't free" and because $200 per hour is "not an insult." The court then noted that $200 per hour might actually "be a little under" what someone with similar legal experience would charge. We conclude that the trial court abused its discretion by determining that $200 an hour was a reasonable rate, given that its stated reasons for reaching that sum were essentially that the lawyer had to be paid something and that the amount chosen by the court (which was 50% less than the requested hourly rate) was not insulting.

---

fee, the framework in *Pirgu* should be used to properly calculate a reasonable attorney fee award under MCL 15.364.

[3] We note that although appellate attorney fees are recoverable under MCL 15.364, Cadwell and Quaker only sought recovery of trial-level postjudgment attorney fees.

After determining the hourly rate and the number of hours, the trial court briefly addressed only part of factor 1, noting that Cadwell and Quaker's lawyer had 30 years of experience. The court did not state whether this factor warranted an up or down adjustment, however. The court also addressed an additional consideration—the fact that Highland Park was in a compromised financial situation. The court appears to have, essentially, determined that because Highland Park could not afford to pay more the amount of attorney fees should be less than the requested amount. Although a court can consider additional relevant factors when determining whether attorney fees are reasonable, *Pirgu*, 499 Mich at 282, Highland Park's ability to pay is not a relevant consideration. In determining whether a fee is reasonable, the focus is on the lawyer who performed the legal services, not on the opposing party's ability to pay. Moreover, by failing to briefly discuss each of the reasonableness factors set forth in *Pirgu*, the trial court necessarily abused its discretion. See *id*. at 283. Accordingly, we vacate the court's order awarding postjudgment attorney fees and remand to the trial court for reconsideration in light of this opinion.

Vacated and remanded to the trial court for reconsideration. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien