*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MIKA POWERS, doing business as SWEET RIDES AUTO,

      Plaintiff/Counterdefendant-
      Appellee,

v

KELLY RAY BROWN,

      Defendant/Counterplaintiff-
      Appellant.

FOR PUBLICATION
June 18, 2019
9:00 a.m.

No. 343287
Montcalm Circuit Court
LC No. 2015-020295-CZ

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant/counterplaintiff Kelly Ray Brown appeals as of right the trial court's order awarding him attorney fees in the amount of $17,469.54 after he successfully prevailed on a statutory conversion claim against plaintiff/counterdefendant Mika Powers, doing business as Sweet Rides Auto. We vacate and remand for proceedings consistent with this opinion.

## I. BACKGROUND

Brown purchased a pickup truck from Sweet Rides Auto in 2014. In 2015, after Sweet Rides Auto claimed that defendant missed a monthly payment, it repossessed the truck, sold it at auction, and applied the sale proceeds to the loan. Sweet Rides Auto filed suit against Brown in an attempt to recover the remaining loan balance from Brown, but Brown counterclaimed that Sweet Rides Auto had wrongfully converted the truck. At a bench trial, the trial court found that Sweet Rides Auto had wrongfully converted the truck and awarded a judgment in favor of Brown in the amount of $10,122, plus attorney fees and costs.

Brown subsequently filed a motion seeking an attorney fee award of $30,347.50 on the basis of his counsel's hourly rate and hours billed. After hearing Brown's motion, the trial court found that the hourly rate and hours billed were reasonable, but the total amount of fees billed was too high in relation to the "best case" outcome that had been possible for Brown at trial. The court found that because defense counsel had billed on a contingent basis, an appropriate award

-1-

was one-third of the maximum amount that could be recovered ($52,983). By the trial court's calculation, one-third of $52,983 was $17,659.23, so the trial court awarded Brown $17,659.23 in attorney fees. The trial court later entered an order awarding reasonable attorney fees to Brown in the amount of $17,469.54.[1] Brown now appeals as of right.

## II. STANDARD OF REVIEW

We review a trial court's award of attorney fees for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*.

## III. ANALYSIS

On appeal, Brown challenges the amount of the attorney fees awarded and criticizes the trial court for not adhering to Michigan Supreme Court precedent in its attorney fee award.

The trial court awarded Brown attorney fees pursuant to MCL 600.2919a, which provides, in pertinent part:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, *plus costs and reasonable attorney fees*:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted. [Emphasis added.]

As an initial matter, we take this opportunity to clarify for the bench and bar of this state that the analysis articulated by our Supreme Court in *Smith*, more specifically as set forth in Justice CORRIGAN'S concurring opinion[2] and refined in *Pirgu*, is applicable to an attorney fee

---

[1] While the order the trial court entered providing for attorney fees in the amount of $17,469.54 contained a discrepancy from the trial court's order from the bench granting defendant $17,659.23 in attorney fees, the "court speaks through written judgments and orders rather than through oral statements[.]" *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993). Moreover, the difference in the monetary amount is not relevant to our analysis of this issue.

[2] Justice CORRIGAN disagreed with the lead opinion that the "results obtained" and "whether a fee is fixed or contingent" should be excluded from the Court's analysis when determining a

award ordered pursuant to MCL 600.2919a. In *Pirgu*, our Supreme Court was asked to decide "the proper method for calculating a reasonable attorney fee under MCL 500.3148(1)[.]" *Pirgu*, 499 Mich at 274.[3] As the *Pirgu* Court observed, "[i]n *Smith*, we refined the analysis that applies when a fee-shifting statute or rule requires a trial court to determine a reasonable attorney fee." *Id*. at 278. Moreover, our Supreme Court has cautioned that whether the *Smith*/*Pirgu* framework for determining a reasonable attorney fee is applicable will "depend on the plain language of the statute . . . at issue." *Id*. The plain language of MCL 600.2919a(1)(a) clearly provides that a person damaged by another person's conversion of their property may recover "reasonable attorney fees[.]" As our Supreme Court instructed in *Pirgu*, "[t]he operative language triggering the *Smith* analysis is the Legislature's instruction that an attorney is entitled to *a reasonable fee*." *Pirgu*, 499 Mich at 279 (emphasis in original.) Moreover, this Court has recently applied the *Smith*/*Pirgu* framework in calculating reasonable attorney fees pursuant to MCL 15.364,[4] a provision of the Whistleblower Protection Act (WPA), MCL 15.361 *et seq*. *Caldwell v Highland Park*, 324 Mich App 642, 656-657; 922 NW2d 639 (2018). Returning to the plain language of MCL 600.2919a(1)(a), because it clearly speaks to the ability of a person damaged by another's "converting property to the other person's own use[,]" to recover "reasonable attorney fees," the *Smith*/*Pirgu* framework is applicable in calculating those reasonable attorney fees.

In *Smith*, our Supreme Court instructed that the analysis begins with the trial court "determining the fee customarily charged in the locality for similar legal services[.]" *Smith*, 481 Mich at 530 (opinion by TAYLOR, C.J.).[5] Next, "[t]his number should be multiplied by the reasonable number of hours expended in the case . . . ." *Id*. at 531 (opinion by TAYLOR, C.J.). "The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee." *Id*. (opinion by TAYLOR, C.J.). Then, the trial court should consider a number of factors to determine whether an up or down adjustment is appropriate. *Id*. (opinion by

---

reasonable attorney fee pursuant to MCR 2.403(O). *Smith*, 481 Mich at 538, 543 (CORRIGAN, J. concurring). The *Pirgu* Court concluded that these factors should also be included when determining a reasonable fee pursuant to MCL 500.3148(1). *Pirgu*, 499 Mich at 280, 283.

[3] MCL 500.3148(1) provides, in pertinent part, that "[a]n attorney is entitled to *a reasonable fee* for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue."

[4] MCL 15.364 provides:

> A court, in rendering a judgment in an action brought pursuant to this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, *including reasonable attorney fees* and witness fees, if the court determines that the award is appropriate. [Emphasis added.]

[5] *Smith* involved attorney fees awarded pursuant to MCR 2.403(O)(6). *Smith*, 481 Mich at 527-528 (opinion by TAYLOR, C.J.).

TAYLOR, C.J.).  In the context of an attorney fee award pursuant to MCL 500.3148(1), our Supreme Court more recently distilled the factors that the trial court is to consider:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent.  [*Pirgu*, 499 Mich at 282.]

"These factors are not exclusive, and the trial court may consider any additional relevant factors." *Id*.  Further, to aid "appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*.  When a trial court fails to follow the above method, it errs. *Id*.  Finally, if a trial court "primarily rel[ies] on only one factor—the amount sought and results achieved—and fail[s] to briefly discuss its view of the other factors[,]" the trial court "necessarily" abuses its discretion and remand is required.  *Id*. at 282-283.

In this case, the trial court did not comprehensively apply the *Smith*/*Pirgu* framework. While the trial court stated that it found the requested hourly rates and total hours billed to be "reasonable and fair[,]" without considering the other factors set forth in Michigan Supreme Court precedent, it adjusted the award downward, apparently on the basis of the anticipated projected value of the case to Brown.  Instead, the trial court awarded Brown one-third of the maximum amount recoverable and failed to consider the additional factors outlined in *Pirgu*. *Id*. at 282.  While we are cognizant of the trial court's concern regarding two of the applicable factors, "the amount in question and the results achieved" and "whether the fee is fixed or contingent[,]" *id*. at 280, these are only two of the factors that the trial court ought to have weighed in its analysis.  *Id*. at 281-282.  Because the trial court did not comprehensively review and state its findings with respect to all of the factors in the *Smith*/*Pirgu* framework, but rather focused on "the amount in question and the results obtained[,]" as well as the fact that the fees at issue were contingency fees, it abused its discretion in its award of attorney fees and remand is necessary.  See *id*. at 282-283 (recognizing that although the trial court "acknowledged" some of the relevant factors, it abused its discretion in relying mostly on one factor, the amount sought and the results achieved, and by "failing to briefly discuss its view of the other factors.").  On remand, the trial court is instructed to reconsider its attorney fee award as recently instructed by the Michigan Supreme Court in *Pirgu*:

When determining the reasonableness of attorney fees awarded . . . , a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services. The trial court must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure. [*Pirgu*, 499 Mich at 281.]

The trial court is then directed to consider the factors enumerated by the Supreme Court in *Pirgu*. *Id*. at 281-282. Specifically, the trial court shall briefly discuss its view of each of the factors on the record and justify the relevance and use of any additional factors. *Id*. at 282.

## IV. CONCLUSION

The trial court's order awarding attorney fees to Brown in the amount of $17,469.54 is vacated. We remand to the trial court to allow it to reconsider its award of attorney fees to Brown in conformity with Michigan Supreme Court precedent. We do not retain jurisdiction. Brown, as the prevailing party, may tax costs.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford

-5-